# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 272 | **DATE** | 7/13/2004 |
| **CASE TITLE** | Marcano vs. Garcia Garcia | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants defendants Garcia and Servicios' motion to dismiss for lack of personal jurisdiction (10-1). Motion to dismiss based on Rule 19 is 7/27/04. Response to motion due 8/2/04. Status hearing set to 8/5/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 19 2004 | 27 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | GNA docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| OR | courtroom deputy's initials | 2004 JUL 18 AM 8:55 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

CARMEN MARCANO; VICTOR MARCANO )
and ANGEL MARCANO, by their mother and )
next friend CARMEN MARCANO; ANGEL- )
LUIS GONZALEZ-MARTINEZ; and )
GUSTAVO GONZALEZ, Special Adm'r of the )
Estate of Ramon Ortiz, Deceased, )
                                                                       )
                Plaintiffs, )
                                                                       )
vs. )    Case No. 04 C 272
                                                                       )
JUAN DIEGO GARCIA GARCIA; )
SERVICIOS DE TRANSPORTACION, )
M.G.; and XTRA LEASE, INC., )
                                                                      )
                Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in this case allege that on August 20, 2003, a semi-truck owned by defendant Servicios de Transportacion, M.G. and driven by defendant Juan Diego Garcia Garcia collided with an automobile driven by Ramon Ortiz. The collision occurred on a highway near Monterrey, Mexico. Ortiz was killed, and passengers Angel-Luis Gonzalez Martinez and his children Victor and Angel Marcano were injured. At the time of the collision, Garcia's semi-truck was pulling a trailer owned by defendant Xtra Lease, Inc. and leased to Servicios. The plaintiffs, who live in the Chicago area, filed suit in state court against Servicios, Garcia, and Xtra Lease, Inc. The defendants removed the case to federal court. Xtra Lease has answered the complaint. Servicios and Garcia have moved to dismiss the complaint for lack of personal

jurisdiction. Both plaintiffs and Xtra Lease object to dismissal. Plaintiffs argue in the alternative that if the Court finds personal jurisdiction lacking, rather than dismissing the case we should transfer it to the Southern District of Texas. For the reasons stated below, the Court grants the motion to dismiss the claims against Servicios and Garcia and denies plaintiffs' request to transfer the case.

## Discussion

In a diversity case like this one, a federal court may assert personal jurisdiction to the extent permitted by the law of the forum state and constitutional principles of due process. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). Due process permits a court to exercise personal jurisdiction over a defendant only if it has certain "minimum contacts" with the state "such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). Illinois authorizes courts to exercise personal jurisdiction to the extent permitted by the constitution. 735 ILCS 5/2-209(c). Thus the two inquiries effectively collapse into a single one: whether the defendants have sufficient contacts with Illinois such that requiring them to answer a lawsuit here does not offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. The plaintiffs have the burden of establishing that the Court can exercise personal jurisdiction over the defendants. *RAR*, 107 F.3d at 1276.

There are two types of personal jurisdiction: specific and general. Specific jurisdiction can be asserted even if the defendant's contacts with the state have been "isolated and sporadic," so long as the cause of action "arises out of" or "relates to" those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Plaintiffs do not contend that the Court can exercise

2

specific jurisdiction over Garcia or Servicios.

General jurisdiction can be asserted only if the defendant is domiciled in the forum state or "maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). Plaintiffs do not claim that either Servicios or Garcia has ever been domiciled in Illinois, and thus the question is whether either of them has had continuous and systematic contacts with this state.

Plaintiffs have failed to support their contention that general jurisdiction exists. Based on the record before the Court, Servicios transports goods only within Mexico. It has no offices in Illinois, does not regularly do business with persons or entities in Illinois, and does not advertise or look for business here. *See* Affid. of Jorge Garcia Solis. There is no basis for a claim that its activities constitute "presence" in Illinois. *See, e.g., Michael J. Neuman & Assocs. v. Florabelle Flowers*, 15 F.3d 721, 724 (7th Cir. 1994) (a corporation is doing business in a state if it operates within the state, not occasionally or casually, but with a fair measure of permanence and continuity.)

The only supposed contact with Illinois that plaintiffs identify is that Servicios ships, within Mexico, products from a supposedly affiliated company that are thereafter shipped to the United States, including to Illinois. A Mexican holding company called Grupo ABS Internacional S.A. de C.V., which plaintiffs claim is Servicios' parent, owns another subsidiary that manufactures disposable diapers that Servicios allegedly transports, some of which are ultimately sold in Illinois. Assuming this is true, it is not a contact between *Servicios* and Illinois. Plaintiffs offer no evidence supporting their bare allegation that, assuming Grupo ABS

3

owned Servicios, it has failed to observe corporate formalities or so dominates Servicios such that Servicios should be considered an *alter ego* of the supposed parent. And even were Servicios' affiliate's alleged shipment of product to Illinois a contact that counted for purposes of personal jurisdiction, an entity's mere shipment of product into a state – the establishment of a "stream of commerce" – is not a sufficient basis under the law for assertion of general jurisdiction. Because plaintiffs do not allege they were injured by a product placed into the stream of commerce through Servicios' distribution channel, they cannot rely on the stream of commerce theory to establish jurisdiction over Servicios. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 789 (7th Cir. 2003). For general jurisdiction to exist, the defendant's contacts with the forum state "must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Purdue Research*, 338 F.3d at 787. The due process clause's principle of fundamental fairness would be turned on its head were the Court to find Servicios "present" in Illinois based on its purported affiliate's shipment of products into Illinois that have nothing to do with this case.

Plaintiffs ask the Court to permit them to conduct discovery to delve further into the relationship between Servicios, Absormex, and Grupo ABS and other unspecified issues purportedly relevant to the issue of personal jurisdiction. But a plaintiff must make a colorable or *prima facie* showing of personal jurisdiction before discovery should be permitted to determine whether jurisdiction exists. *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Exp. World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). Plaintiffs have failed to do

so in this case. For as the Court has determined, even if Absormex and Grupo ABS's purported contacts with Illinois were considered as Servicios' contacts, they would be insufficient to establish general jurisdiction. Thus the discovery plaintiffs request would get them nowhere.

Xtra Lease also objects to Servicios and Garcia's motion to dismiss. Xtra Lease argues that it may bring a crossclaim against Servicios and Garcia and that this would provide a basis allowing plaintiffs to piggy-back their claim against the defendants.[1] The Court disagrees, as Xtra Lease has not identified any basis on which the Court could assert personal jurisdiction over the defendants with regard to its anticipated crossclaim. In this regard, the analysis of general jurisdiction is the same as the Court has just discussed; Xtra Lease offers no authority indicating that the right to bring a cross-claim under Federal Rule of Civil Procedure 13(g) allows the Court to sidestep the minimum contacts requirement, which arises from the Constitution's due process clause.

Xtra Lease contends that in its contract with Servicios, Servicios "waived its right to a jurisdiction of its choice." Xtra Lease Mem. at 3. This is, quite simply, a mischaracterization of the contractual provision in question. The master lease agreement between Xtra Lease and Servicios does include a forum selection clause, but in that clause the parties agreed that disputes arising from the master lease would be brought before the courts in Laredo, Texas, various locales in Mexico, or at Servicios' domicile. Xtra Lease Mem., Ex. C at 21. The contract does not provide a basis for a court in Illinois to exercise jurisdiction over Servicios.

---

[1] Xtra Lease also appears to contend that if the Court dismisses plaintiffs' claims against Servicios and Garcia, the entire case should be dismissed because they are indispensable parties within the meaning of Federal Rule of Civil Procedure 19. But Xtra Lease has not moved to dismiss, and in any event it has made no effort to develop its Rule 19 argument, so the Court will not consider the issue.

5

Finally, plaintiffs argue that if the Court does not find personal jurisdiction over Servicios or Garcia, rather than dismissing the claims against them we should transfer those claims (or perhaps the entire case) to the Southern District of Texas, where Laredo is located. The statute upon which they rely, 28 U.S.C. § 1631, permits a federal court that finds jurisdiction lacking in a case to transfer the case "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." Thus the propriety of transfer depends on whether plaintiffs' suit against Servicios and Garcia could have been brought in the Southern District of Texas – that is, whether personal jurisdiction over those defendants would exist had the suit been filed there in the first instance. Plaintiffs' case for personal jurisdiction in Texas is not significantly better than its case for jurisdiction in Illinois. Plaintiffs – despite having an affiant who claims personal knowledge of Servicios' operations, *see* Lambreton Affid. ¶ 3 – have not contradicted the evidence that Servicios itself does not transport goods into the United States but rather transports goods entirely within Mexico. Again, the fact that some of these goods may be turned over to U.S. trucking companies for shipment to this country does not provide a basis for general jurisdiction. *See Purdue Research*, 338 F.3d at 788 (a "collaborative effort" with a forum-based entity does not satisfy the standard for general jurisdiction). And the fact that Servicios may have borrowed money from Texas lenders in the past does not alter the outcome. The Court therefore denies plaintiffs' request to transfer the case.[2]

**Conclusion**

For the reasons stated above, the Court grants defendants Garcia and Servicios' motion to

---

[2] By this ruling the Court does not intend to preclude consideration of the issue of personal jurisdiction by a Texas state or federal court if plaintiffs elect to file suit against Servicios or Ortiz in that state.

6

dismiss for lack of personal jurisdiction [docket # 10-1].

                                                                 MATTHEW F. KENNELLY
                                                                 United States District Judge

Date:   July 13, 2004